UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY MILLER,                    :
                                  :
        Plaintiff                 :      No. 4:CV-02-1520
                                  :
    vs.                           :      (Complaint Filed 08/28/02)
                                  :
                                  :      (Judge Muir)
KENNETH HASSINGER, et al.,        :
        Defendants                :

## ORDER

June 13, 2005

## BACKGROUND

On August 28, 2002, plaintiff, an inmate at the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Thomas Carr, Adams County District Justice; Paul Dean, District Attorney, Adams County; Michael George, Adams County Court of Common Pleas Judge; and Pennsylvania State Police Officers Kenneth Hassinger, Nicholas Bloschichak, Curtis Whitmoyer, and Barry Staub.

Plaintiff claims that he "suffered losses from defendants from the confiscation of property at [his] residence on or about December 16, 1999". In particular, he claims that "among other items, firearms, telescopic and night vision devices,

ammunition, slings, clips, magazines, holsters were taken" and "as of this date no list of inventory has ever been presented to [plaintiff] or left on the premises in regard to the confiscation". Despite numerous attempts by plaintiff, his family and his attorney, the defendants have denied relief to plaintiff. (Doc. No. 1, complaint).

The plaintiff also alleges that on January 21, 2001, his property located in Butler Township "suffered damages and loss at the hands of the defendants, through unlawful entry in regard to the issuance of a search warrant by defendant Carr". Id.

Specifically, plaintiff claims that, although the application for the warrant lists the property address as 1030B Goldenville Road, which plaintiff states is "the right side of the home when facing front", the "defendants broke and entered the left side of the house 1030, a separate entrance door". This "illegal entry" incurred damages in the amount of $550.00 to the "exterior door and framing/trim". Id. For relief, plaintiff seeks compensatory and punitive damages.

By Order dated September 30, 2002, Miller's action was dismissed, prior to service, as legally frivolous pursuant to 28 U.S.C. § 1915A. (Doc. No. 5). On October 29, 2002, plaintiff filed an appeal of this Court's order to the United States Court of Appeals for the Third Circuit. (Doc. No. 7). By Opinion and

2

Order dated July 23, 2004, the Court of Appeals affirmed in part and vacated and remanded in part, this Court's September 30, 2002 Order.  (Doc. No. 16).  The Court of Appeals affirmed the order to the extent that it dismissed plaintiff's confiscation of property as untimely raised and dismissed Miller's claim against defendant Carr under 28 U.S.C. § 1915A(b)(1).  The Court of Appeals vacated and remanded Miller's unlawful entry claim as to the remaining defendants, construing Miller's assertion that the defendants entered his property without a warrant, as a claim for the violation of his rights secured by the Fourth Amendment, as well as his right to procedural due process under the Fourteenth Amendment.

By Order dated August 25, 2004, the Court directed the United States Marshal to serve plaintiff's complaint on defendants Paul Dean, Michael George and, Pennsylvania State Police Officers Kenneth Hassinger, Nicholas Bloschichak, Curtis Whitmoyer, and Barry Staub. (Doc. No. 18).

By Order dated January 18, 2005, defendants Dean and George were dismissed from the action.  (Doc. No. 35).  Presently before the court is a motion to dismiss the complaint, filed by defendants Bloschichak, Barry, Staub and Whitmoyer (Doc. No. 24), and a motion for summary judgment, filed by defendant Hassinger (Doc. No. 38).  These motions have been fully briefed

and are ripe for disposition.  For the reasons that follow, the motions will be granted.

**A.   Motion to Dismiss filed by defendants Bloschichak, Barry, Staub and Whitmoyer**

**<u>Standard of Review</u>**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. <u>See</u> In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). All material allegations of the complaint must be accepted by the Court as true and construed in favor of the plaintiff.  Allah vs. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Shaev vs. Saper, 320 F.3d 373, 375 (3d Cir. 2003). Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief.  Conley vs. Gibson, 355 U.S. 41, 45-46 (1957); Lum vs. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  However, the Court is not required to accept legal conclusions, either alleged or inferred, from the pleaded facts. Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  In Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when

4

considering a motion to dismiss based on failure to state a claim, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  When an unrepresented party is confronted by a motion to dismiss, the deciding court must be mindful of the well-settled principle that *pro se* complaints should be liberally construed, Haines vs. Kerner, 404 U.S. 519, 520 (1972), and that *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston vs. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  Grayson vs. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002); <u>see also</u> Estelle vs. Gamble, 429 U.S. 97, 107-108 (1976).

With these principles in mind the Court will address the defendants' motion to dismiss.

### **Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and

2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Defendants argue that the complaint, as it now exists on remand from the Court of Appeals, consists solely of an "unlawful entry" claim.  Specifically, plaintiff's complaint consists of the sole allegation that on January 9, 2001, his constitutional rights were violated when property he owns in Adams County, Pennsylvania, was damaged in the amount of $550 by defendant, Trooper Hassinger, a law enforcement officer who allegedly conducted or authorized an illegal entry.  Thus, defendants seeks dismissal on the basis of lack of personal involvement in the claim.

In his brief in opposition, plaintiff attempts to argue that these defendants should remain in the action because they "had previously [been] involved in entry and search of the same premises on or about December 15, 1999."  (Doc. No. 37).  The Court finds this argument unpersuasive since this claim was previously dismissed by this Court on September 30, 2002 (See Doc. No. 5)and the dismissal was affirmed by the Court of Appeals on July 23, 2004 (See Doc. No. 16).  Thus, the only claim remaining is plaintiff's claim of "unlawful entry" onto his property.  Defendants' motion to dismiss will be granted.

**B.    Motion for summary judgment filed by defendant Hassinger.**

**Standard of Review**

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(c).   "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray vs. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).   An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner vs. Local 514, United

Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore vs. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement vs. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White vs. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corporation vs. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. vs. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the

8

existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter vs. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

### Statement of Facts

In January 2001, plaintiff, Rodney Miller, was the record owner of property located at 1030 Goldenville Road, Gettysburg, Pennsylvania. (Doc. No. 50 at ¶ 1). This building is a multi-family structure consisting of a residence at 1030 A, occupied by Bonnie and Michael Martinez and residence 1030 B, occupied by Kristin Nowak and Matt Roberts. (Doc. No. 50 at ¶¶ 4, 5).

In January 2001, defendant, Cpl. Hassinger was assigned to Troop H Tactical Narcotics Team of the State Police and was authorized to conduct investigations into violations of the Commonwealth's Controlled Substance Act. (Doc. No. 38 at ¶ 2). On January 9, 2001, Cpl. Hassinger applied for and was issued search warrants for the premises located at 1024 and 1030 Goldenville Road, Gettysburg, Pennsylvania, in connection with

an investigation into the activities of one Vincent Nowak.[1] (Doc. No. 38, Ex. 4).

The search warrants of the premises at 1024 and 1030 Goldenville Road, were executed on January 9, 2001. <u>Id</u>. When Cpl. Hassinger arrived at the location, other troopers had already entered the premises. (Doc. No. 38 at ¶ 5). Cpl. Hassinger entered the premises of 1024 Goldenville Road and advised Mr. Nowak of the purpose of the search warrants and provided him with <u>Miranda</u> warnings. <u>Id</u>. Mr. Nowak agreed to speak to Cpl. Hassinger. <u>Id</u>. At this time Mr. Nowak showed him a red bag which contained cocaine. <u>Id</u>. Cpl. Hassinger turned the bag over to the evidence custodian and proceeded to 1030 Goldenville Road, which is an adjacent property. <u>Id</u>. At 1030 Goldenville Road, Cpl. Hassinger interviewed Vincent Nowak's stepdaughter, Kristen Nowak. (Doc. No. 38 at ¶ 6). She advised that she had been signing for packages addressed to her father, Vincent, and she thought they probably contained drugs. <u>Id</u>.

On June 7, 2001, Vincent Nowak pled guilty to three counts of possession with intent to deliver cocaine, one count of

---

1. Cpl. Hassinger received information that Vincent Nowak's step-daughter, Kristen Nowak, who resides at 1030 Goldenville Road, Gettysburg, Pennsylvania, was accepting on behalf of Vincent Nowak, United Parcel Service packages from Florida approximately every two weeks which contained quantities of cocaine. Vincent Nowak resided at 1024 Goldenville Road, Gettysburg, Pennsylvania.

attempted possession with intent to deliver cocaine and one count of conspiracy to commit the crime of possession with intent to deliver cocaine.  (Doc. No. 38, Ex. C).

On September 13, 2001, Vincent Nowak was sentenced by the Court of Common Pleas of Adams County to a 5 to 10 year term of imprisonment.

On June 14, 2002, the District Attorney of Adams County filed a motion in the Court of Common Pleas of Adams County seeking a modification to the sentencing order in Commonwealth vs. Vincent Nowak, to include restitution in the amount of $550 in favor of Rodney Miller. (Doc. No. 38, Ex. D).

By order dated August 9, 2002, the Court of Common Pleas of Adams County amended the sentencing order in Commonwealth vs. Nowak to direct Nowak to pay restitution to Rodney Miller in the amount of $550. (Doc. No. 38, Ex. E).

On August 28, 2001, plaintiff filed the instant action in which he seeks damages in the amount of $550 for damage to his door frame at 1030 Goldenville Road, Gettysburg, Pennsylvania. Plaintiff also seeks punitive damages for defendants' "unlawful actions."  Specifically, plaintiff challenges the validity of the search warrant to search his property.  (Doc. No. 1).

**<u>Discussion</u>**

In addressing any action brought in federal court, the threshold question which this court must address is whether or

not subject matter jurisdiction exists.  Federal Rule of Civil Procedure 12(h)(3) provides that whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  Case law interpreting this provision have held that a district court should inquire <u>sua</u> <u>sponte</u> into the jurisdictional attributes of a case and should dismiss the complaint if subject matter jurisdiction is absent.  <u>See</u> Wright and Miller, <u>Federal Practice and Procedure: Civil 2d</u> §1393 (and cases cited therein).

In addressing the issue of a federal court's subject matter jurisdiction, one must consider the question of standing. Specifically, if a plaintiff lacks standing to bring suit, the court lacks jurisdiction to consider it.  Grove vs. Mead School District No. 354, 753 F.2d 1528, 1531 (9th Cir. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 826 (1985), <u>citing</u> Allen vs. Wright, 468 U.S. 737, 750-752 (1984).  In order to satisfy constitutional standing requirements, a plaintiff must allege distinct personal injury that is fairly traceable to the challenged conduct and likely to be redressed by the requested relief.  Moreover, there is a general prohibition on a litigants's raising another's rights.  <u>Id.</u>

In addressing the issue of the instant plaintiff's standing to bring this action, the court is guided by the Supreme Court's decision in Heck vs. Humphrey, 512 U.S. 477 (1994).  In <u>Heck</u>,

the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

A decision in this case that plaintiff is entitled to damages would imply that Vincent Nowak's conviction resulted partially from evidence obtained during the unlawful execution of the search warrant at 1030A and 1030B Goldenville Road. Because there has been no prior adjudication pertaining to the validity of the search warrant and Mr. Nowak's conviction has not been overturned, Heck bars an action for damages stemming from plaintiff's claim of "unlawful entry".

Even if Heck is not applicable to this case, Miller lacks standing to raise a Fourth Amendment claim and has failed to present any evidence from which a reasonable jury could find that Hassinger caused the damage to the door to 1030A Goldenville Road.

The Fourth Amendment proscribes unlawful searches and seizures of property. Miller contends that Hassinger did not

13

have a valid warrant for 1030A Goldenville Road, the right side of the house when facing the front.  He claims that the warrant was limited to 1030B Goldenville Road.  However, Miller does not have standing to raise a Fourth Amendment claim because Miller concedes that 1030A Goldenville Road was leased to "a Michael Martinez, a Gettysburg College student and his mother Bonnie Martinez."

According to the search warrant, 1030B Goldenville Road is the right side of a multi-family structure when facing the front of the building.  Miller complains about damage to the door to 1030A, the left side of the house when facing the front. It is undisputed that other police officer entered the residence prior to Hassinger arriving.

Based on the summary judgment no jury could reasonably find that Hassinger entered the residence at 1030A Goldenville Road in violation of Miller's Fourth Amendment rights.

To the extent that plaintiff attempts to assert a due process claim with respect to his efforts to recover for damage done to his property during the execution of the search warrant, the record reflects that on August 9, 2002, the Court of Common Pleas of Adams County amended the sentencing order in Commonwealth vs. Nowak to direct Nowak to pay restitution to Rodney Miller in the amount of $550 for the damage which occurred to Miller's property.  (See Doc. No. 38, Ex. E). The

14

record further reflects that Miller has received approximately $200 from Mr. Nowak pursuant to the state court restitution order. (Doc. No. 41, Addendum Declaration at p. 1). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in § 1983 cases, apply the same preclusion rules as would the Courts of that state." Edmundson vs. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). Thus, the Court finds that the plaintiff is precluded from recovering damages from defendant Hassinger.[2] Defendant Hassinger's motion for summary judgment will be granted.

**IT IS HEREBY ORDERED THAT:**

1.    The motion to dismiss filed on behalf of defendants' Bloschichak, Barry, Staub and Whitmoyer (Doc. No. 24) is **GRANTED.**

2.    The motion for summary judgment filed by defendant Hassinger (Doc. No. 38) is **GRANTED.** Judgment is hereby entered in favor of defendant Hassinger and against the plaintiff.

3.    Plaintiff's motion for joinder (Doc. No. 42) is **DENIED.**

---

2.  In addition to filing a brief in opposition to defendant Hassinger's motion for summary judgment, plaintiff filed a motion for joinder of persons, (Doc. No. 42), in which he seeks to amend his complaint by adding new defendants whom plaintiff believes "did cause physical damage to plaintiff's property". (See Doc. No. 44). However, in light of the Court's foregoing decision herein, and the fact that plaintiff cannot meet the necessary requirements of Fed.R.Civ.P. 15(c)(3)to permit an amendment, plaintiff's motion will be denied.

4.   Plaintiff' motion for trial by jury (Doc. No. 23) is **DISMISSED** as moot.

5.   The Clerk of Court shall **CLOSE** this case.

6.   Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.


                          s/Malcolm Muir
                          _____
                          MUIR
                          United States District Judge
MM:dlb